UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AUSTIN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>R. WALKER et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-2088 CAB (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY**<br><br>[ECF No. 25] |

Before the Court is Plaintiff's Motion and Declaration for an Order to Stay and Abey the Proceedings to Permit the Preparation and Filing of a Motion for Rehearing of the Motion for Appointment of Counsel.  (ECF No. 25.)  In his motion, Plaintiff asks the Court for an order staying the proceedings in this case under Rules 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure.  (*Id.* at 1.)  As Federal Rules of Civil Procedure 6(b) and 16(b)(4) address the procedures not for staying a proceeding but for modifying a court's dates and deadlines, the Court interprets Plaintiff's motion as a request that this case be stayed or, alternatively, that this case's scheduling order be modified.

**I.    Motion for Stay**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  These interests include "the possible damage

which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268). In addition, the court must "balance the length of the stay against the strength of the justification given for it." *Yong v. Immigration & Naturalization Serv.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong*, 208 F.3d at 1119.

Here, Plaintiff requests an indefinite stay of this case while he awaits the receipt of his medical and mental health treatment records from the prison's medical records department. (ECF No. 25 at 1.) Plaintiff intends to use the records to support a motion for a rehearing of his motion for appointment of counsel, and he requests that the Court stay this action until he submits the motion and the Court has the opportunity to rule upon it. (*Id.* at 2.)

Having reviewed Plaintiff's motion to stay this case, the Court concludes that Plaintiff has not demonstrated that an indefinite stay of this action is warranted. Plaintiff previously filed a motion for appointment of counsel (ECF No. 16), and that motion was denied for Plaintiff's failure to show: (1) that he is unable to articulate his claims without the assistance of counsel in light of the complexity of the issues involved; and (2) that he is likely to succeed on the merits of his claims (ECF No. 22). While Plaintiff asserts in the instant motion that proof of his medical and mental disabilities, combined with his advanced age, will demonstrate the exceptional circumstances required for the appointment of counsel in a civil case (ECF No. 25 at 2), the Court finds that such a showing would likely satisfy only one of the two-prongs of the "exceptional circumstances" test. To succeed on a motion for appointment of counsel, Plaintiff must also show that he is likely to succeed on the merits of his claims. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010). As stated in the Court's Order denying Plaintiff's

motion for appointment of counsel, Plaintiff has offered no evidence to the effect that he has a likelihood of success on the merits, and at this stage, there is very little before the Court regarding the merits of Plaintiff's claims.  (ECF No. 22.)  The instant motion to stay this case fails to show how Plaintiff's medical and mental health treatment records will demonstrate that Plaintiff is likely to succeed on the merits of his claims.

As Plaintiff has not established that a motion for rehearing of his motion for appointment of counsel is likely to be successful, there is little justification to stay this case for any length of time, much less for an indefinite period.  In addition, staying the proceedings for even a short period would not simplify any issues or resolve any questions of law with respect to this case.  Moreover, staying this action until Plaintiff files a motion for rehearing of Plaintiff's motion for appointment of counsel will cause damage and hardship to Defendants, who have an interest in moving this case forward in a timely manner.  Accordingly, the Court **DENIES** Plaintiff's motion to stay this case.

## II.     Motion to Modify Scheduling Order

Plaintiff's motion also seeks relief from this case's scheduling order under Federal Rules of Civil Procedure 6(b) and 16(b)(4).  (ECF No. 25 at 1.)  Rule 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time."  Fed. R. Civ. P. 6(b).  Rule 16(b)(4) states that the dates and times set in the operative scheduling order will not be modified except for good cause.  Fed. R. Civ. P. 16(b)(4).

The Ninth Circuit has explained the "good cause" requirement as follows:

> [The] "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . .  [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).

The instant motion fails to demonstrate good cause for an indefinite extension of the dates and deadlines set forth in the operative scheduling order. Although Plaintiff has provided evidence to show he is diligently pursuing medical care, Plaintiff has not shown any exercise of diligence in attempting to meet the dates and deadlines of the scheduling order in this case. Over one month has passed since the denial of Plaintiff's motion for appointment of counsel, and there is no indication that Plaintiff has made any progress in litigating this case. In addition, Plaintiff fails to provide any reason why this case cannot proceed in accordance with the current schedule while Plaintiff awaits copies of his medical and mental health treatment records from the prison's medical department. While Plaintiff alleges that he suffers from anxiety and depression and that he may not be taking the correct medication, these ailments did not prevent Plaintiff from successfully filing the instant motion, which is well written, organized, and clear. Therefore, the Court sees no reason why Plaintiff cannot also engage in discovery at this time. Accordingly, the Court **DENIES** Plaintiff's request to continue indefinitely the dates and deadlines set forth in the scheduling order.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion and Declaration for an Order to Stay and Abey the Proceedings to Permit the Preparation and Filing of a Motion for Rehearing of the Motion for Appointment of Counsel (ECF No. 25) is **DENIED**. For purposes of clarification, this does not mean that Plaintiff is precluded from filing a motion for rehearing of his motion for appointment of counsel. If Plaintiff desires to file such a motion, or to file a second motion for appointment of counsel, he may do so within the confines of the operative scheduling order.

**IT IS SO ORDERED.**

Dated: March 28, 2017

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge