UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AUSTIN,<br>CDCR #AK-6078,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>R. WALKER; M. GLYNN;<br>S. ROBERTS; JIN YU; J. LEWIS,<br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-02088-CAB-JLB<br><br>**ORDER RE-APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

JAMES AUSTIN ("Plaintiff"), a prisoner proceeding *in pro se* and currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) on September 1, 2016, in this civil rights action which he initiated on his own behalf pursuant to 42 U.S.C. § 1983 (ECF No. 3).

**I.　Procedural History**

On December 6, 2016, Defendants Glynn, Lewis, Roberts, Walker, and Yu filed an Answer (ECF No. 8). On February 15, 2017, before discovery was complete, the Court denied Plaintiff's Motion for Appointment of Counsel because Plaintiff appeared able to articulate his claims in light of their complexity, and he had not shown, based on the

1

allegations in his Complaint alone, that he was likely to succeed on the merits. *See* ECF No. 22 (citing 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965 (9th Cir. 2009)). After the completion of discovery, neither party moved for summary judgment. On June 26, 2017, Plaintiff filed a Motion for Reconsideration of the Court's previous Order denying the appointment of counsel (ECF No. 30), and on July 6, 2017, a mandatory settlement conference was held before Magistrate Judge Jill L. Burkhardt, but the case did not settle (ECF No. 33).

Therefore, on August 17, 2017, the Court granted Plaintiff's Motion and appointed pro bono counsel pursuant to the Southern District of California's Plan for the Representation of Pro Se Litigants in Civil Cases as adopted by S.D. Cal. Gen. Order 596 (ECF No. 34). After Judge Burkhardt granted Defendants' ex parte request to modify the Court's previously-filed scheduling order, Defendants filed a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 (ECF No. 41). Because Plaintiff's pro bono counsel was then granted leave to withdraw (ECF No. 47), the Court suspended briefing and vacated the date previously set for hearing Defendants' Motion for Summary Judgment (ECF No. 41), pending a renewed referral to the Court's Pro Bono Panel for potential appointment. *See* ECF No. 47 at 2.

## II. Plaintiff's Motion for Reconsideration of Appointment of Counsel

As Plaintiff knows, while there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer*, 560 F.3d at 970. The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff's initial motion for appointment of counsel was denied, based on findings that he, at least at those stages of the proceedings, had failed to show the "exceptional

circumstances" necessary to satisfy 28 U.S.C. § 1915(e)(1). *See* ECF No. 22 at 2-3; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In light of Plaintiff's Motion for Reconsideration, however, in which Plaintiff claims he is no longer being assisted by a fellow inmate, *see* ECF No. 30 at 3, remains indigent, incarcerated, and to be "suffer[ing] from memory loss" and "other symptoms of Alzheimers/senility," *see* ECF No. 30 at 3, and due to his previous counsel's withdrawal, the need to now oppose Defendants' Motion for Summary Judgment and to present evidence and testimony at a potential trial thereafter, the Court has again elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and General Order 596, and has concluded the ends of justice would be served by the re-appointment of pro bono counsel under circumstances. Therefore, another volunteer member of the Court's Pro Bono Panel has been randomly selected and has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court. *See* S.D. CAL. GEN. ORDER 596.

### III. Conclusion and Order

Accordingly, the Court hereby **APPOINTS** Peter B. Maretz, Esq. SBN 144826, of Stokes Wagner, ALC, 600 W. Broadway, Suite 910, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. CAL. CIVLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, *if possible, and in light of Plaintiff's incarceration*, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. This substitution will be considered approved by the Court upon its filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. CAL. CIVLR 83.3.f.1, 2.

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Maretz with a copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3.f.2.

1   As soon as the Notice of Substitution is filed, the Court will issue a briefing
2   schedule with regard to the pending Motion for Summary Judgment.
3   **IT IS SO ORDERED**.
4   Dated: December 22, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge